Patricia **BELL,** et al., Plaintiffs,

v.

**CAMPBELL SOUP COMPANY,**
Defendant.

Case No. 4:14cv291–RH/CAS.

United States District Court,
N.D. Florida,
Tallahassee Division.

Signed Dec. 11, 2014.

Andre M. Mura, Washington, DC, Phillip Timothy Howard, Howard & Associates PA, Tallahassee, FL, for Plaintiffs.

Dale Joseph Giali, Michael Langer Resch, Mayer Brown LLP, Los Angeles, CA, Robert Wayne Pass, Tallahassee, FL, for Defendant.

## *ORDER OF DISMISSAL*

ROBERT L. HINKLE, District Judge.

In this proposed class action, the plaintiffs assert that the labels on two of the defendant's fruit-and-vegetable juices are misleading. The plaintiffs assert claims under Florida law. But the federal Food, Drug, and Cosmetic Act imposes juice-labeling requirements and explicitly preempts state juice-labeling requirements that are not "identical" to the federal requirements. The defendant's labels comply with the federal requirements. This order grants the defendant's motion to dismiss the complaint.

## I. Background

The defendant Campbell Soup Company produces "V8 V–Fusion" juices in various flavors. The two flavors at issue are pomegranate blueberry and açai mixed berry. For convenience, this order addresses the pomegranate blueberry flavored juice; the analysis for açai mixed berry is identical.

Despite the flavoring, the juice contains only a tiny amount—less than 1%—of pomegranate and blueberry juice. The juice is a blend of 8 fruit and vegetable juices, predominantly from sweet potatoes and purple carrots. The product is 100% juice, just not 100% pomegranate and blueberry juice.

The front of the bottle has a primary display panel. The back has an information panel. A thorough reading discloses that the product is 100% juice, that it is a blend of juices from 8 fruits and vegetables, that it is pomegranate and blueberry flavored, and that the largest portion of the juice comes from sweet potatoes, followed by purple carrots, then other fruits and vegetables, and finally pomegranates and blueberries. The information panel also includes nutrition data in a format familiar to consumers, listing, for example, a serving's calories, sugars, and carbohydrates.

The plaintiffs concede that all of the information is true. But they say the primary display panel is misleading—that it suggests that the product is 100% pomegranate and blueberry juice. Campbell disagrees but does not assert the complaint should be dismissed on this basis. For purposes of this order, I assume without deciding that a jury could find the primary display panel misleading.

This is the primary display panel:

The plaintiffs seek recovery based solely on the assertion that the primary display panel is misleading. They assert claims under the Florida Deceptive and Unfair Trade Practices Act (Fla.Stat. § 501.201 et seq.), under the Florida false advertising statute (Fla.Stat. § 817.44), and for breach of express and implied warranties, negligence, and unjust enrichment. Campbell has moved to dismiss, asserting that all the claims are preempted and that all but the FDUTPA claim are deficient on other grounds as well.

## II. The Federal Statute

The Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301–399f, took effect in 1938. The Nutrition Labeling and Education Act ("NLEA") amended the FDCA in 1990. *See* Pub.L. 101–535 (1990). As amended, the FDCA imposes specific juice-labeling requirements and authorizes the Food and Drug Administra-

tion to adopt rules on that subject. *See* 21 U.S.C. § 343(i).

The Act explicitly preempts state requirements that (a) are within specific categories and (b) are not identical to the federal requirements. *Id.* § 343–1. Among the preempted categories are requirements of the type imposed by 21 U.S.C. § 343(i)(1) or (2). Thus the Act provides that a state may not "directly or indirectly" impose "any" juice-labeling requirement "of the type required by" § 343(i)(1) or (2) "that is not identical" to the federal requirement. *Id.* § 343–1(2) & (3). Sections 343(i)(1) and (2), and the rules adopted under those sections, address every element of Campbell's primary display panel that the plaintiffs challenge in this lawsuit.

## III. The Challenged Features

The primary display panel on Campbell's V8 Fusion pomegranate-blueberry flavored juice has eight separate state-

ments, each set out in a different font or different size, and a vignette depicting pomegranates, blueberries, and perhaps other fruits or vegetables. Each statement is either unobjectionable or complies to the letter with requirements set out in § 343(i)(1) or (2) or the rules adopted under those sections. The vignette also complies with those requirements.

The first statement is "V8." The plaintiffs do not assert this is misleading in any respect.

The second is "V–Fusion." The plaintiffs do not assert this is misleading in any respect.

The third is "Vegetable & Fruit." This is an accurate description of the product, which consists entirely of vegetable and fruit juices. The plaintiffs do not assert this is misleading in any respect.

The fourth is "100% Juice." This is an accurate description of the product, which is indeed 100% juice, as the plaintiffs acknowledge. The plaintiffs take issue, though, with the size and placement of this statement; they say it is misleading because it is placed immediately above the fifth statement and is much larger than the sixth statement.

The fifth statement is "Pomegranate Blueberry." This is an accurate description of the product's flavor. The plaintiffs say it is misleading because of its placement after "100% Juice" and its size in relation to the sixth statement.

The sixth statement is "A pomegranate and blueberry flavored beverage blend of 8 vegetable and fruit juices from concentrate with other natural flavors and added ingredients." This is an accurate description of the product. The plaintiffs say it is misleading because it is too small in relation to the statements "100% Juice" and "Pomegranate Blueberry."

The seventh is "1 full serving of vegetables—1 full serving of fruit." The plaintiffs do not assert this is misleading in any respect.

The eighth is "Net 46 Fl. Oz. (1 Qt. 14 Fl. Oz.) (1.36 L)." The plaintiffs do not assert this is misleading in any way.

The vignette depicts only fruits and vegetables whose juices are included in the product. The plaintiffs say it is misleading because it prominently depicts only pomegranates and blueberries, which provide the flavor but only a miniscule portion of the juice.

## IV.  The Merits

So the plaintiffs' challenge comes down to the size and placement of the fourth, fifth, and sixth statements on the primary display panel and the content of the vignette. The plaintiffs say that, because of their size and placement, the statements are misleading.

One could argue both sides of that proposition. Many consumers probably would believe that "V8" juice is a blend, that "V" stands for "vegetable," that pomegranates and blueberries are fruits, and that this product is a blend of fruit and vegetable juices that tastes like pomegranates and blueberries. Many consumers probably would notice other statements on the primary display panel that make clear the product is not 100% pomegranate and blueberry juice.

The issue here, though, is not what a reasonable consumer would believe or whether the statements and vignette are misleading. The issue is only whether a requirement addressing these matters is a requirement "of the type required by" 21 U.S.C. § 343(i)(1) and (2).

The answer is plainly yes.

Under § 343(i)(1), a label must bear "the common or usual name of the food." In

this instance, the common or usual name surely includes the word "juice." For a pomegranate and blueberry flavored juice, the common or usual name probably includes the words pomegranate and blueberry. In any event, under 21 C.F.R. § 102.33(d), when a product's flavor comes from a juice that is not the primary ingredient, the name may include the flavoring juice, without including other juices, so long as the label includes a statement "that the named juice is present as a flavoring." Under 21 C.F.R. § 101.22(i)(1)(i), in circumstances like these, the flavor—in this instance pomegranate and blueberry—must be "followed by the word 'flavored' in letters not less than one-half the height of the letters in the name of the characterizing flavor." So long as these requirements are met, the label may include a vignette depicting a fruit that provides the product's flavor. *Id.* § 101.22(i). Campbell complied with these requirements to the letter.

Under § 343(i)(2), the information panel of a "beverage containing vegetable or fruit juice" must show "the total percentage of such fruit or vegetable juice," but exceptions may be provided by rule. Under 21 C.F.R. § 101.30(b)(1), the information panel must include " 'Contains _____ percent (or %) _____ juice,' or '_____ percent (or %) juice,' or a similar phrase." And under 21 C.F.R. § 101.30(f), "The percentage juice declaration may also be placed on the principal display panel, provided that the declaration is consistent with that presented on the information panel." Campbell's statement "100% Juice" complies with these requirements to the letter.

The plaintiffs say these statements, though individually authorized, cannot properly be placed on the label where they are. But the federal statute and rules address not only what can be said but

where a statement can be placed—whether, for example, a statement can or must be included on the information panel or the primary display panel or both. A requirement to place the statements elsewhere is surely a requirement "of the type required by" 21 U.S.C. § 343(i)(1) and (2). Similarly, the plaintiffs say the vignette cannot properly depict only the flavoring fruits. But the federal rule squarely authorizes a vignette that depicts the flavoring fruits. A requirement to change the vignette is surely a requirement "of the type required by" 21 U.S.C. § 343(i)(1) and (2).

Any requirement to phrase the statements differently, to place the statements elsewhere, or to change the vignette "is not identical" to the federal requirements. So any such requirement established under state law is expressly preempted by 21 U.S.C. § 343–1(2) and (3).

Two final points deserve mention. First, the plaintiffs say that even if the state cannot properly require Campbell to change its label, that does not preclude the plaintiffs from recovering damages. Preemption, the plaintiffs say, extends to state regulation, but not to private damages actions. The assertion is unprecedented and makes no sense. When Congress chose to set matters of this kind off limits to the states, it foreclosed not only state regulation, but also damages claims based on state law.

Second, the plaintiffs say that if the motion to dismiss is granted, they should be given leave to amend. But any attempt to amend would be futile. The plaintiffs' claims fail not because they have not articulated them well but because Congress has foreclosed claims of this kind. The plaintiffs' state-law claims are preempted. And as they have acknowledged, they have no federal claims.

## V. Conclusion

For these reasons,

IT IS ORDERED:

1. The motion to dismiss, ECF No. 19, is granted.

2. The clerk must enter judgment stating, "The plaintiffs' claims are dismissed with prejudice."